IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David B. Crace,

      Plaintiff,

      v.                 Case No. 2:07-cv-232

Chesapeake Village Police Dept.
Patrolman Wallace F. Workman,
et al.,

      Defendants.

<u>OPINION AND ORDER</u>

    This is a civil rights action filed pursuant to 42 U.S.C. §1983 by plaintiff David B. Crace against Officers Wallace F. Workman and Luke Jenkins of the Chesapeake Village Police Department, and Deputies Wes Collins, (FNU) Blake, Amanda Effaw and Richard L. Slack II of the Lawrence County Sheriff's Department. Plaintiff alleges that the defendants used excessive force during his arrest and booking for a domestic violence charge. This matter is before the court on the motion of defendants Blake and Effaw to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted.

    In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in favor of the pleader. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Evans-Marshall v. Board of Educ. of the Tipp City Exempted Village School Dist.</u>, 428 F.3d 223, 228 (6th Cir. 2005).

    A complaint must contain either direct or inferential allegations with respect to all material elements necessary to

sustain a recovery under some viable legal theory. <u>Weiner v. Klais & Co., Inc.</u>, 108 F.3d 86, 88 (6th Cir. 1997).  While the complaint need not contain detailed factual allegations, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim.  <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. __, 127 S.Ct. 1955, 1964-65 (2007).  The court is not bound to accept as true unwarranted legal conclusions or factual inferences.  <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10 (6th Cir. 1987).  A motion to dismiss under Rule 12(b)(6) will be granted if the complaint is without merit due to an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or where the face of the complaint reveals that there is an insurmountable bar to relief. <u>Rauch v. Day & Night Mfg. Corp.</u>, 576 F.2d 697 (6th Cir. 1978).

Claims under 42 U.S.C. §1983 are not subject to heightened pleading standards. <u>Evans-Marshall</u>, 428 F.3d at 228.  To state a claim under §1983, "a plaintiff must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law." <u>Russo v. City of Cincinnati</u>, 953 F.2d 1036, 1042 (6th Cir. 1992).  The right of an arrested person to be free from the use of excessive force under the Fourth Amendment is firmly established. <u>See</u> <u>Graham v. Connor</u>, 490 U.S. 386, 393-95 (1989); <u>Phelps v. Coy</u>, 286 F.3d 295, 299-300 (6th Cir. 2002)(addressing right to be free from use of excessive force during booking process).

Plaintiff alleges in his complaint that defendants Workman and Collins pulled him from the cruiser using the chain separating his

handcuffs and physically abused him prior to re-cuffing him. Complaint, ¶ 10. He further alleges that while he was in the booking room at the jail, he did not "resist, shove, strike, headbutt or engage in any aggressive acts towards the police officers." He alleges that he was asked to be fingerprinted, and when he stood up, defendants Workman, Collins, Jenkins and Slack grabbed him by both arms. Complaint, ¶¶ 12, 13. He further alleges, "Defendants drive Plaintiff to the concrete floor and jump on him and assault him." Plaintiff states that his right arm was pulled behind his back and his right elbow was severely dislocated. Complaint, ¶ 14. These allegations are sufficient to state a claim for the use of excessive force under § 1983.

Defendants Blake and Effaw argue that there are no allegations in the complaint which specifically identify them by name as being responsible for any of the alleged acts of excessive force against the plaintiff. However, they are identified in the heading of the complaint as defendants, and the complaint also states that they "were at all relevant times police officers of the Lawrence County Sheriff's Department." Complaint, ¶ 5. In opposing the motion to dismiss, plaintiff points to paragraph 14 of the complaint, which alleges that the "Defendants" drove him to the concrete floor and assaulted him. Plaintiff argues that since Blake and Effaw are identified earlier in the complaint as defendants, this allegation is sufficient to include them in the conduct alleged in paragraph 14.

Fed.R.Civ.P. 8(a)(2) requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) is "the starting point of a

3

simplified pleading system, which was adopted to focus litigation on the merits of a claim." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002).  The complaint "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" <u>Id</u>. at 512 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)); <u>see also</u> <u>Westlake v. Lucas</u>, 537 F.2d 857, 858 (6th Cir. 1976).  Under Fed.R.Civ.P. 8(e)(1), "[n]o technical forms of pleading ... are required."  In addition, Fed.R.Civ.P. 8(f) provides: "All pleadings shall be so construed as to do substantial justice."

"This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." <u>Swierkiewicz</u>, 534 U.S. at 512.  "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." <u>Conley</u>, 355 U.S. at 48; <u>see also</u> <u>Ritchie v. United Mine Workers of Am.</u>, 410 F.2d 827, 832 (6th Cir. 1969)("Federal pleadings are construed liberally in order to prevent errors in draftsmanship from barring justice to litigants.").  Under the liberal notice pleading standard, "courts are reluctant to dismiss colorable claims which have not had the benefit of factual discovery." <u>Evans-Marshall</u>, 428 F.3d at 228.  In the event that a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Fed.R.Civ.P. 12(e) before responding. <u>Swierkiewicz</u>, 534 U.S. at 514; <u>Evans-Marshall</u>, 428 F.3d at 228.

This court concludes that although the complaint would have been better drafted by specifically referring to each of the defendants by name in paragraph 14, the allegations in that paragraph, when read in the context of the complaint as a whole, are sufficient to assert a claim against defendants Blake and Effaw. The motions to dismiss (Doc. Nos. 5 and 6) and the motion for attorney's fees (Doc. No. 7) filed by defendants Blake and Effaw are denied.

Date: November 9, 2007     s\James L. Graham
             James L. Graham
             United States District Judge